[Crim. No. 2887.   First Dist., Div. Two.   Feb. 4, 1954.]

THE PEOPLE, Respondent, v. GUSSIVOR GAYNOR, Appellant.

John F. Porter, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant and appellant was tried and convicted on a charge of grand theft.

The appeal is based almost entirely on the sufficiency of the evidence.  The only witnesses were appellant and the complaining witness who managed a market or grocery store in the city of Oakland.  Appellant entered this market for the purpose of buying groceries and after picking up a number of different articles he got in line near the cashier's desk for the purpose of making payment.  There were two lines of customers and the store manager testified that when he was near those lines: "I felt a bump in my back right here, and at the same time I felt my wallet pulled out of my pocket,

yanked out, very distinctly felt it.'' He then grasped appellant by the collar, causing him to drop his groceries and his own wallet which he had in his hand for the purpose of making payment. The store manager further testified: ''I could just see the edge of the brown wallet under the coat. . . . As I stepped toward him and he stepped back, he dropped the wallet onto the floor. I reached for him at the same time stooping down and swooping up the wallet as I went by.'' A scuffle ensued after which appellant was taken to a room in the rear of the establishment and charged for the first time with having stolen the wallet out of the manager's pocket.

No other witness was called and the manager made no complaint before the numerous customers who stood in two lines near the cashier's desk.

There was no specific denial of this testimony—the appellant relies on the probable unreasonableness of the manager's testimony because he was standing behind the appellant when the wallet was taken. But the manager testified that defendant was standing behind him when the wallet was taken and that he saw the wallet in defendant's possession, held under his coat. The evidence is sufficient to support the verdict.

■ Because the appellant took the stand on his own behalf, he was cross-examined as to prior convictions which he admitted. It is now claimed that the district attorney was guilty of misconduct in his repeated efforts and unusual emphasis on these prior convictions. The question is more one of ethics than one of law. Certainly the prior convictions were properly pleaded and proved. The repeated references to them by the district attorney cannot be held as misconduct.

Judgment affirmed.

Dooling, J., and O'Donnell, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.